PAIRE et al. v. GOFF et al. (No. 1924.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 31, 1918. Rehearing Denied Feb. 7, 1918.)

1. TRESPASS TO TRY TITLE ☞18—OUTSTANDING TITLE.

Where plaintiff in trespass to try title had before the trial sold the land to a third party and given him a deed thereto, and such grantee gave the plaintiff an express written authority to continue and prosecute the suit in her name for him, an assignment claimed that there was an outstanding title in the grantee was without merit.

2. TRIAL ☞194(10)—INSTRUCTION—WEIGHT OF EVIDENCE.

In trespass to try title, an instruction that the record title to the land was shown to be in plaintiffs, and that they were entitled to re-cover the title and possession and to find for plaintiffs on such issue, unless finding for defendants on their plea of limitations, was not objectionable as a charge on the weight of the evidence; the sufficiency of the record title being for the court, unless plea of limitations is established.

Error from District Court, Marion County; J. A. Ward, Judge.

Trespass to try title by E. W. Goff and others against Bose Paire and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Armistead & Benefield, of Jefferson, for plaintiffs in error. Schluter & Singleton, of Jefferson, for defendants in error.

LEVY, J. The suit is by the defendants in error against the plaintiffs in error in trespass to try title to 300 acres of land and for damages for cutting timber on the land. The defendants answered by denial, plea of not guilty, and the ten-year statute of limitation. There were other parties defendant, but their rights are not involved in the appeal. The case was tried before a jury. There was a verdict and judgment for the plaintiffs in the suit for the title and possession of the land and for damages and rent. The plaintiffs below claim title by regular chain of title from the state down to themselves. The verdict of the jury involves the finding of fact against the defendants on their plea of limitation of ten years' adverse possession. The evidence supports the finding of the jury.

[1] By the first assignment of error it is contended that there was an outstanding title in J. M. Niblett, and upon this ground there should have been an instructed verdict in the case. It does appear that Mrs. Goff, the plaintiff, about 30 or 40 days before the trial, sold the land to J. M. Niblett and gave him a deed thereto; but it also appears that J. M. Niblett gave Mrs. Goff the express written authority, which was in evidence, to continue and prosecute the suit in her name for him. J. M. Niblett appeared as a witness in the case and testified. In view of the authority of Mrs. Goff to prosecute the suit, it is believed that the assignment should be overruled.

[2] The second assignment of error complains of the paragraph of the court's charge reading:

"You are instructed in this case that the record title to the said land is shown from the evidence to be in the plaintiffs, and that they are entitled to recover from the said Bose Paire and Melissa Morrow and her husband the title and possession of the land; and you are therefore instructed to find for the plaintiffs on said issue, unless you find for the defendants Bose Paire and Melissa Morrow and her husband on their plea of limitation of ten years under the instructions hereinafter given you."

The objection made to the charge is:

"That it is on the weight of the evidence, and the question of plaintiffs' title should be sub-

mitted to the jury, as they must recover on the strength of their own title by the evidence as introduced to be passed on by the jury."

Strictly speaking to the objection, as made, to the charge, it is concluded that it should be overruled. For the charge, as worded, is not on the weight of the evidence. And it is a matter of law for the court, and not a question of fact for the jury, to declare what is a sufficient record title to authorize a plaintiff to recover unless the limitation pleaded by the defendant should be proven in fact.

There is evidence in the record to support the finding of the jury that the defendants did not hold possession of the land adverse to the owner for a period of ten years, and it is not believed that the error complained of in the third assignment of error affords ground for a reversal in the facts of the case. The third and fourth assignments are overruled.

The judgment is affirmed.